UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA JANE BUSH; BLAIR VEAKINS; TOULLA HADJIGEORGIOU; and GEORGE HADJIGEORGIOU,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | No.  2:22-cv-947<br><br>NOTICE OF REMOVAL<br><br>Removed from<br>Superior Court of the State of<br>Washington, King County<br>No. 22-2-09535-1 SEA |

TO:   The Clerk, United States District Court
      for the Western District of Washington at Seattle

Defendant The Boeing Company hereby removes this civil case from King County Superior Court to the United States District Court for the Western District of Washington, under 28 U.S.C. §§ 1332(a), 1441, and 1446. This Court has original jurisdiction, and removal is proper under 28 U.S.C. § 1441(a), because the parties are fully diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a). As a short and plain statement of the grounds for removal, Boeing states the following:

## I.     INTRODUCTION AND BACKGROUND

This lawsuit arises from an alleged event at JFK Airport in New York involving a Boeing 747 aircraft operated by British Airways on November 25, 2019, as Flight 174. Plaintiffs originally filed a complaint against Boeing in the Circuit Court of Cook County, Illinois, case number 2021-

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    L-003160, on March 24, 2021. Ex. A, Compl. ¶ 1. Boeing moved to dismiss Plaintiffs' Cook

2    County Illinois complaint under the doctrine of *forum non conveniens*. *Id.* at ¶ 2. The Circuit Court

3    of Cook County granted Boeing's motion and dismissed Plaintiffs' case in favor of refiling in

4    Washington state. *Id.* at ¶ 6.

5         Plaintiffs filed their present Complaint on June 23, 2022, in King County Superior Court

6    as Case No. 22-2-09535-1 SEA. A true and correct copy of the Plaintiffs' Complaint is attached

7    as **Exhibit A**. Plaintiffs, who were flight attendants (Sara Jane Bush and Blair Veakins) or

8    passengers (Toulla Hadjigeorgiou and George Hadjigeorgiou) on board Flight 174, alleged they

9    were injured when a "strange, acrid smell" occurred prior to take off. Ex. A, Compl. ¶¶ 23-29.

10   Plaintiffs are citizens and residents of the United Kingdom. *Id.* at ¶¶ 8-11. Plaintiffs assert claims

11   of strict product liability, negligence (design defect), negligence (failure to warn) and negligence.

12   *Id.* at ¶¶ 73-98.

13                 **II.    GROUNDS FOR REMOVAL**

14        A civil action brought in state court is removable if the district court has original

15   jurisdiction over it. 28 U.S.C. § 1441(a). As set forth below, this Court has jurisdiction based on

16   diversity, 28 U.S.C. § 1332(a).

17   **A.    This Court has diversity jurisdiction.**

18        The district courts have original jurisdiction over all civil actions where the matter in

19   controversy exceeds $75,000 and there is diversity between the plaintiffs, on the one hand, and the

20   defendants, on the other. 28 U.S.C. § 1332(a); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,

21   1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the

22   plaintiffs must be a citizen of a different state than each of the defendants."). Both requirements

23   are satisfied here.

24        The amount-in-controversy requirement is satisfied under 28 U.S.C. § 1446(c)(2)(A)(ii)

25   because Boeing alleges, in light of the injuries and damages Plaintiffs claim, that the amount in

26

NOTICE OF REMOVAL
(No. _____) –2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92460641.3

controversy in this matter exceeds $75,000, exclusive of interests and costs.[1] When, as here, plaintiffs fail to allege a specific amount in controversy, a defendant need only make a good faith estimate of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Plaintiffs allege that they "suffered, and continue to suffer, short-term and long-term health effects including nausea, confusion, pain, fatigue and exhaustion, balance problems, decreased motor skills, neuropathy as well as numbness and tingling in extremities, joint and muscle pain, tremors, dizziness, vertigo, shortness of breath, problems sleeping, headaches, memory loss, trouble concentrating, cognitive defects, emotional distress, mental anguish, depression, anxiety and aggravation of pre-existing mediation conditions," and that "they have suffered pain, suffering, mental anguish, emotional distress as well as loss of wages and wage-earning capacity in the past and in the future." *See, e.g.,* Ex. A, Compl. ¶¶ 28-29. They also make claims for "physical pain and suffering, emotional distress, mental anguish, loss of normal life, disfigurement, and economic damages, including…medical expenses, rehabilitative expenses, past and future lost wages, and loss of wage-earning capacity." *See, e.g., id.* at ¶ 78. Further, as noted above, prior to filing the present complaint Plaintiffs filed a near-identical complaint in the Circuit Court of Cook County, Illinois. Declaration of Todd Rosencrans, ¶ 2. In that Cook County complaint, Plaintiffs sought damages in excess of $50,000 on each of their four claims in that complaint, totaling in excess of $200,000. *Id.* at Ex. 1, ¶¶ 68; 72; 79; 89.

Boeing thus alleges in good faith that the amount in controversy exceeds $75,000. *See, e.g., Curry v. The Boeing Company*, 542 F. Supp. 3d 804, 810 (N.D. Ill. 2021) (amount in controversy met in contaminated cabin air case alleging near-identical injuries and brought by the same counsel

---

[1] Boeing does not concede that Plaintiffs are entitled to recover more than $75,000 and denies that they are entitled to recover any damages.

NOTICE OF REMOVAL
(No. _____) –3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92460641.3

1    for Plaintiffs); *Wragge v. The Boeing Company*, 532 F. Supp. 3d 616, 624 (N.D. Ill. 2021) (amount

2    in controversy met in contaminated cabin air case).

3         There is also complete diversity of citizenship between Plaintiffs and Defendant. Plaintiffs

4    are citizens and residents of the United Kingdom. Ex. A, Compl. ¶¶ 8-11. Thus, for diversity

5    purposes, Plaintiffs are citizens of the United Kingdom. 28 U.S.C. §§ 1332(a)(2), 1332(c)(2).

6    Boeing is a Delaware corporation with its principal place of business in Arlington, Virginia. *See*

7    *also* Compl. ¶ 12. Thus, for diversity purposes, Boeing is a citizen of Delaware and Virginia. *See*

8    28 U.S.C. § 1332(c)(1).

9    **B.    Boeing has satisfied the other requirements for removal.**

10        Boeing's removal is timely. Plaintiffs served their Complaint on June 22, 2022, and filed

11   their Complaint on June 23, 2022, so the 30-day clock on removal has not yet run under 28 U.S.C.

12   § 1446(b).

13        All copies of all papers and pleadings on file with the State court shall be filed concurrently

14   with this notice in accordance with 28 U.S.C. § 1446(a). Pursuant to LCR 101(b)(3), a true and

15   correct copy of Plaintiffs' Jury Demand is attached as **Exhibit B**.

16        The venue for this removed action is proper. This Court is the United States District Court

17   for the district and division embracing the place where the removed action was pending. *See* 28

18   U.S.C. § 1441(a).

19        Boeing is today serving this Notice of Removal on Plaintiff and will promptly file a copy

20   of this Notice with the Clerk for King County Superior Court in accordance with 28 U.S.C.

21   § 1446(d).

22                              **III.    CONCLUSION**

23        WHEREFORE, Boeing hereby removes this action from King County Superior Court to

24   this Court.

25

26

NOTICE OF REMOVAL
(No. _____ ) –4

92460641.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Dated: July 8, 2022

By:  s/ Todd W. Rosencrans
By:  s/Christopher M. Ledford
      Todd W. Rosencrans, WSBA No. 26551
      Christopher M. Ledford, WSBA No. 44515
      **Perkins Coie LLP**
      1201 Third Avenue, Suite 4900
      Seattle, Washington 98101-3099
      Telephone: +1.206.359.8000
      Facsimile: +1.206.359.9000
      TRosencrans@perkinscoie.com
      CLedford@perkinscoie.com

      Kathleen A. Stetsko
      (*pro hac vice forthcoming*)
      **Perkins Coie LLP**
      110 North Wacker Drive, Suite 3400
      Chicago, Illinois 60606-1511
      Telephone: +1.312.324.8400
      Facsimile: +1.312.324.9400
      KStetsko@perkinscoie.com

      Dan K. Webb
      Joseph L. Motto
      (*pro hac vice forthcoming*)
      **Winston & Strawn LLP**
      35 W. Wacker Dr.
      Chicago, IL 60601
      T. (312) 558-5600
      F. (312) 558-5700
      DWebb@winston.com
      JMotto@winston.com

      Sandra A. Edwards
      (*pro hac vice forthcoming*)
      **Winston & Strawn LLP**
      101 California Street
      35th Floor
      San Francisco, CA 94111
      T. (415) 591-1000
      F. (415) 591-1400
      SEdwards@winston.com

      *Attorneys for Defendant The Boeing Company*

NOTICE OF REMOVAL
(No. _____) –5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

92460641.3